RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE _6_,_8_,_06_
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTI L. CHERAMIE | CIVIL ACTION NO. 06-0165 |
| VS. | SECTION P |
| JOHNNIE JONES, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Christi L. Cheramie on January 27, 2006. Cheramie is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. She is incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana, where she is serving the life sentence imposed following her 1994 conviction in the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## STATEMENT OF THE CASE

Petitioner, who was originally charged with one count of

first degree murder, pled guilty to second degree murder on June 22, 1994 and was sentenced to the mandatory sentence of life imprisonment. She did not appeal her conviction or sentence. [doc. 1-1, p. 1, paragraphs 1-9]

She apparently filed post-conviction pleadings in the District Court in September 1998 and April 1999. [doc. 5, p. 5] A search of the published jurisprudence reveals an April 1, 1999 writ denial in the matter entitled State of Louisiana ex rel. Christi Lynn Cheramie v. State of Louisiana, 98-3071 (La. 4/1/99), 741 So.2d 1284, and a March 23, 2001 writ denial in the matter entitled State of Louisiana ex rel. Christi Lynn Cheramie v. State of Louisiana, 2000-2071 (La. 3/23/2001), 787 So.2d 1014.

On May 14, 2001, her attorney, Davidson S. Ehle, III, filed a "Motion to Withdraw Guilty Plea and/or Motion to Correct an Illegal Sentence" in the Twelfth Judicial District Court. Petitioner claimed that her guilty plea was involuntary because the trial court failed to advise her that by pleading guilty she was waiving her right to trial by jury. [Doc. 5, pp. 9-13] On August 1, 2001, a hearing was convened. At the conclusion of the hearing the trial court, acknowledging both that the Motion was repetitive and untimely, denied relief on the merits.[1]

On October 19, 2001 petitioner sought review in the Third Circuit Court of Appeals. She claims that the appeals court

---

[1] See Doc. 5, pp. 41-42

denied relief on February 28, 2002. She then filed an application for writs in the Louisiana Supreme Court. Citing La. C.Cr.P. art. 930.8, that court denied relief on February 14, 2003. [doc. 1-1, pp.2-3, paragraphs 10-12; see also State of Louisiana v. Christie Lynn Cheramie, 2002-0960 (La. 2/14/2003), 836 So.2d 131; and doc. 5, p. 8]

In her federal petition filed on January 27, 2006, petitioner argues three claims for relief: (1) Involuntary guilty plea; (2) ineffective assistance of counsel; and, (3) coerced confession. [doc. 1-1, pp. 4-5, paragraphs 12(A), (B), and, (C).] She implies that these claims were not raised in the state courts and therefore have not been exhausted. [doc. 1-1, p. 5, paragraph 13]

On April 21, 2006, the undersigned directed petitioner to amend her complaint to provide specific information necessary to determine whether or not her claims were timely and whether or not she had exhausted all available state court remedies. [doc. 4] On May 15, 2006 petitioner submitted an amended petition and provided copies of pleadings, a transcript, correspondence, and court minutes relating to her Motion to Withdraw Guilty Plea which was litigated during the period 2001 - 2003. [doc. 5] She did not provide all of the information requested in the

Memorandum Order.[2]

## **LAW AND ANALYSIS**

This petition was filed after the effective date of the
Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).
Therefore, the court must apply the provisions of AEDPA,
including the timeliness provisions. <u>Villegas v. Johnson</u>, 184
F.3d 467, 468 (5th Cir. 8/9/1999); <u>Lindh v. Murphy</u>, 521 U.S. 320,
336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to
provide a one-year statute of limitations for the filing of
applications for writ of *habeas corpus* by persons in custody
pursuant to the judgment of a state court.   This limitation
period generally runs from the date that the conviction becomes

---

[2] The Memorandum Order directed petitioner to address the following
questions:
   1. Was there a properly filed application for State post-conviction or
other collateral review pending during the period from April 24, 1996 - April
24, 1997? If the answer to this question is "yes," provide:
      a. The name of the post-conviction or collateral review pleading and all
      issues raised;
      b. The date it was filed;
      c. The date it was denied and the reasons for denial.
      d. Provide copies of the pleadings in question and any reasons for
      judgment. **INCLUDE COPIES OF PLEADINGS FILED IN THE DISTRICT COURT, THE
      COURT OF APPEALS AND THE SUPREME COURT**.
   2. Do you contend that the limitations period should be reckoned from a
date other than that afforded by the "grace period", that is, one of the dates
described in 28 U.S.C. §2244(d)(1)(B),(C), or (D)? If so, please explain and
provide documentary evidence to support this contention.
   3. Do you admit that your federal *habeas corpus* claims are time-barred
but that review of your claims should be permitted under the doctrine of
"equitable tolling?" If so, provide facts, argument, and documentary evidence
in support of such a claim.
   4. Do you contend that each of the claims raised in this proceeding were
litigated in the courts of Louisiana, including the Louisiana Supreme Court?
   If so, provide documentary evidence in support of this claim.

5

final.  28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte.* Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996.  However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Ms. Cheramie, whose

---

[3] Petitioner does not suggest, nor do her pleadings imply that the period of limitation should be reckoned from those events mentioned in subsections (B),(C), or (D) of §2244(d)(1).  She does not claim the existence of any state created impediments which inhibited her from filing her federal petition.; nor does she suggest that her present claims are based upon a constitutional right newly recognized by the United States Supreme Court; nor does she claim that the factual predicate of her claim was only recently discovered. As shown above, petitioner was asked whether or not she relies upon these statutory tolling provisions.

convictions were final[4] prior to the effective date of AEDPA.
United States v. Flores, 135 F.3d 1000, 1006 (5ᵗʰ Cir. 1998).
Such petitioners are afforded a one-year grace period, or until
April 24, 1997, to file an application for writ of *habeas corpus*
in federal court. Coleman v. Johnson, 184 F.3d 398, 401 (5ᵗʰ Cir.
1999); Flanagan v. Johnson, 154 F.3d 196 (5ᵗʰ Cir. 1998);
Villegas v. Johnson, 184 F.3d at 469 (5ᵗʰ Cir. 1999); Flores,
*supra*.

If the petition is not filed within the one-year grace
period, the courts are to apply the statutory tolling provision
set forth in 28 U.S.C. §2244(d)(2) which provides that the time
during which a properly filed application for post-conviction
relief was pending is state court is not counted toward the
limitation period.    Ott v. Johnson, 192 F.3d 510, 512 (5ᵗʰ Cir.
1999); Coleman, *supra*; Fields v. Johnson, 159 F.3d 914, 916 (5ᵗʰ
Cir. 1998); 28 U.S.C. §2244(d)(2).

As noted above, petitioner's judgment of conviction and
sentence became final in mid-1994.  Since her conviction became
final prior to the April, 1996 effective date of the AEDPA,

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's
conviction, provided, "The motion for an appeal must be made no later than
[f]ive days after the rendition of the judgment or ruling from which the
appeal is taken." Art. 914 was amended by Act No. 949,
§ 1 of the 2003 Louisiana Legislature to extend the time period to thirty
days.  Thus, petitioner's judgment of conviction and sentence became final
when the delays for seeking a direct appeal lapsed.  She pled guilty and was
sentenced in June 1994 and her judgment of conviction and sentence became
final for AEDPA purposes sometime in late June or early July 1994.

petitioner must be afforded the one-year grace period.

Therefore, petitioner had until April, 1997 within which to file

her federal *habeas corpus* petition. The evidence submitted does

not suggest that petitioner was able to successfully toll the

limitations period prior to expiration of the one-year grace

period.  In fact, the evidence suggests that petitioner did not

file her first application for state post-conviction relief until

sometime in September 1998.[5]

Further, based upon the evidence submitted, it is clear that

there were no state post-conviction or other collateral

proceedings pending <u>after</u> February 2003, the date the Louisiana

Supreme Court denied writs following the denial of her Motion to

Withdraw Guilty Plea.[6] She did not file the instant petition

---

[5] See doc. 5, p. 5, letter from Judge William J. Bennett to the Louisiana Supreme Court. Bennett, who had represented petitioner at trial, was subsequently elected Judge of the Twelfth Judicial District Court. The letter in question requests the appointment of a Judge Ad Hoc to preside over petitioner's post-conviction litigation. The letter also describes the chronology of petitioner's post-conviction litigation efforts in the Twelfth Judicial District. According to Judge Bennett, petitioner filed post-conviction pleadings in September 1998, April 1999, and May 2001.

[6] Indeed, the litigation that commenced in the spring of 2001 and ended with the Supreme Court's writ denial in February 2003 was itself insufficient to toll limitations. In the February 2003 writ denial, the Louisiana Supreme Court cited La. C.Cr.P. art. 930.8 and State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189 as grounds for denying the writ. The cited statute provides for a limitations period for filing applications for post-conviction relief; the case cited holds that Louisiana appellate courts may invoke the prescriptive period of art. 930.8 even if the lower courts have reached the merits of otherwise prescribed claims. Thus, the Supreme Court's writ denial establishes that petitioner's Motion to Withdraw Guilty Plea was treated as an application for post-conviction relief and ultimately denied as untimely. A state post-conviction petition, which has been rejected by the state court as untimely under the state's statute of limitations, is not considered "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus cannot toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005)

until January 2006 and by that time an additional period of almost three years had elapsed un-tolled.

Thus, based upon the available evidence, it is clear that the instant petition is barred by the timeliness provisions of the AEDPA.

Of course, that one-year limitation period is subject to equitable tolling in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting Davis, 158 F.3d at 811)). A district court must be cautious not to apply the statute of limitations too harshly because dismissal of a first *habeas corpus* petition is a serious matter. See Fisher, 174 F.3d at 713. The Fifth Circuit has provided insight into the types of circumstances that may be seen as rare and exceptional. In Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), for example, the Court stated that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman, 184 F.3d at 402 (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996)).

Petitioner implies that she may be entitled to equitable tolling because she was a minor when she was convicted. [doc. 5, p. 2] However, even though petitioner was a minor at the time of her conviction, she does not explain why she waited almost three years after the last state court decision before filing her federal *habeas corpus* petition. Although the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling, <u>Fisher v. Johnson</u>, 174 F.3d 710, 715 (5th Cir.1999), petitioner has not alleged that she suffers from any such disability. In short, petitioner has not shown that she lacked the mental capacity to pursue her legal rights during the relevant time period.

Finally, the Fifth Circuit has held that the lack of legal training does not warrant equitable tolling. See <u>Felder v. Johnson</u>, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000), (finding ignorance of law and *pro se* status insufficient to toll limitations period); <u>Scott v. Johnson</u>, 227 F.3d 260, 263 n. 3 (5th Cir. 2000) (finding inadequate law library does not constitute "rare and exceptional" circumstances warranting equitable tolling).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period

codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE